United States District Court
Southern District of Texas
**ENTERED**
September 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN ODETTE STINNETT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-02718 |
| | § | |
| TONYA BENTON HAWKINS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Susan Odette Stinnett, an inmate in the custody of the Federal Bureau of Prisons, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau's calculation of her time credit earned under the First Step Act. The respondent moved for summary judgment and Stinnett responded to the motion. For the following reasons, the motion for summary judgment is granted, and the petition for a writ of habeas corpus is denied and is dismissed.

**I.      Background**

Because Stinnett does not challenge her conviction or 48-month sentence, no discussion of the facts of her crime is necessary. Instead, Stinnett contends that, as of the date she filed her petition, she had earned 3,100.5 days of time credit under the First Step Act during the approximately 500 days of her sentence that she had already served. In other words, she argues that her participation in various rehabilitation programs earned her approximately 6 days off of her sentence for every day she had served. Put another way, Stinnett contends that, in serving approximately 35 percent of her sentence, she earned time credits equal to approximately 212 percent of her sentence. She argues that the Bureau of Prions has improperly calculated her time credits and that she is entitled to immediate release from custody.

## II.   Applicable Legal Standards

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

## III.   Analysis

A petitioner seeking credit on a sentence must exhaust administrative remedies with the Bureau of Prisons before filing a petition for a writ of habeas corpus. *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). The respondent submits a declaration from Alice Diaz-Hernandez, Associate Warden of the Federal Prison Camp in Bryan, Texas, where Stinnett is held. Motion for Summary Judgment (Doc. # 8), Exh. B. Diaz-Hernandez explains the three-step administrative grievance procedure used by the Bureau of Prisons. *Id.* at 3. She further declares that she has reviewed the Bureau's grievance database and found that Stinnett has not pursue the third step of the grievance process about the time for which she now seeks credit. *Id.* at 3. Stinnett has not presented any evidence to the contrary.

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual

Case 4:22-cv-02718 Document 10 Filed on 09/28/23 in TXSD Page 3 of 4

> controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

Stinnett argues in her response that the grievance process is inadequate because it will take too long. This argument offers no explanation for why she did not even attempt to meet the exhaustion requirement before filing her petition, more than two months before making this argument in her response.

The evidence shows that Stinnett failed to exhaust her administrative remedies. The petition must be dismissed.

## IV.    Conclusion

For the foregoing reasons, the respondent's motion for summary judgment (Doc. # 8) is GRANTED, and Susan Odette Stinnett's petition for a writ of habeas corpus (Doc. # 1) is DENIED and is DISMISSED WITHOUT PREJUDICE.

## V.    Certificate Of Appealability

A Certificate of Appealability may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:

3 / 4

> The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . . the district court denies a habeas petition on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable that the respondent has demonstrated that Stinnett failed to exhaust her administrative remedies. Stinnett is not entitled to a certificate of appealability.

## VI. Conclusion And Order

For the foregoing reasons:

1. The Respondent's motion for summary judgment (Doc. # 8) is GRANTED;

2. Susan Odette Stinnett's petition for a writ of habeas corpus (Doc. # 1) is DENIED and is DISMISSED WITHOUT PREJUDICE; and

2. No certificate of appealability is issued.

It is so ORDERED.

SIGNED on September 28, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge